DECISION AND JOURNAL ENTRY
Appellant Michael J. Michaels timely appeals the decision of the Summit County Court of Common Pleas which adjudicated him a sexual predator. We affirm.
 I
On January 30, 1995, Michaels pleaded guilty to one count of sexual battery in violation of R.C. 2907.03, one count of trafficking in marijuana in violation of R.C. 2925.03(A)(1), one count of corrupting another with drugs in violation of R.C.2925.02(A)(4)(a), and one count of attempted intimidation of a crime witness or victim in violation of R.C. 2923.02 and 2921.04.
Michaels was sentenced to a definite period of two years for sexual battery, a definite period of eighteen months for trafficking marijuana, an indefinite term of not less than five years and not more than fifteen years with three years of actual incarceration for corrupting another with drugs, and a definite period of one year on attempted intimidation of a crime witness or victim. It was ordered these sentences run concurrently, with Michaels given credit for the time he served prior to the February 22, 1995 sentencing hearing. He had been incarcerated in the Summit County Jail since at least November 30, 1994.
In 1996, the Ohio Legislature amended the registration and notification laws for sexual offenders. Most of the changes in the new law took effect January 1, 1997. On November 12, 1997, during Michaels' third year of incarceration, the trial court conducted a hearing pursuant to R.C. 2950.09(C), to determine whether Michaels was a sexual predator. A sexual predator, as defined by R.C.2950.01(E), is a person who has "been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Under the statute an individual adjudged a sexual predator must register every ninety days with local law enforcement officials to provide them his current license plate number, residential address, place of employment and a recent photograph. R.C.2950.04; R.C. 2950.06. These registration requirements begin on release from prison and continue for the rest of his life. R.C.2950.07.
As a result of the hearing the court adjudicated Michaels a sexual predator, finding the statutory requirements were met by clear and convincing evidence. Michaels appealed, asserting five assignments of error.
 II
FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT FINDING OHIO REVISED CODE SECTION 2950.09 UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED IN VIOLATION OF THE U.S. CONSTITUTION PROHIBITION AGAINST EX POST FACTO LAWS AND OHIO CONSTITUTION PROHIBITION AGAINST RETROACTIVE LAWS.
In State v. Cook (1998), 83 Ohio St.3d 404, certiorari denied (1999), ___ U.S. ___, 143 L.Ed.2d 116, the Ohio Supreme Court held that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto
Clause of Section 10, Article I of the United States Constitution." Id. at paragraph two of the syllabus. The Court also held that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution." Id. at paragraph one of the syllabus. The defendant in Cook had committed a sexual offense prior to the effective date of the statute, but was sentenced after the effective date.
In the instant case, Michaels' sexual offense, guilty plea and sentencing all occurred prior to the effective date of the statute, and thus R.C. 2950.09(C) governs Michaels' hearing and adjudication as a sexual predator. R.C. 2950.09(C) authorizes a much broader scope for the adjudication of sexual predators than does R.C. 2950.09(B). The plain language in R.C. 2950.09(C) permits any individual incarcerated in Ohio on or after January 1, 1997, who has a history of a conviction or guilty plea and a sentence for a sexually oriented offense, to be adjudicated a sexual predator.
Although the syllabus in Cook only explicitly addressed the constitutionality of R.C. 2950.09(B), by opinion the Court indicated that Chapter 2950 as a whole was remedial, not punitive. The Court found the reporting requirements imposed on sexual predators was a de minimis administrative requirement that was necessary to protect community safety. Id. at 416-17. Prior to the Cook decision and using an analysis similar to that found inCook, this Court had already held that R.C. 2950(C) was not an unconstitutionally retroactive or ex post facto law. State v.Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, 5-15. Thus, Michaels' first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN NOT FINDING APPLICATION OF OHIO REVISED CODE SECTION 2950.09(C) TO PERSONS CONVICTED OF SEXUALLY ORIENTED OFFENSES PRIOR TO JANUARY 2, 1997, VIOLATES THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION; SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION; AND OHIO REVISED CODE SECTION 2943.09, BY ESTABLISHING ADDITIONAL PUNISHMENT FOR THE SAME OFFENSE.
The Double Jeopardy Clause prohibits "multiple punishments for the same offense." United States v. Halper (1989),490 U.S. 435, 440, 104 L.Ed.2d 487, 496, overruled on other grounds (1997),Hudson v. United States, 522 U.S. 93, 101, 139 L.Ed.2d 450, 460. Michaels asserts that the sexual predator laws violate the Double Jeopardy Clauses of the United States and Ohio Constitutions because he believes the statutes impose multiple and new punishments for the same offense.
The Supreme Court of Ohio has determined that the sexual offender laws are remedial, rather than punitive. See State v.Cook (1998), 83 Ohio St.3d 404, 423. Because the statute is not punitive it does not impose an additional punishment. The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN NOT FINDING THAT OHIO REVISED CODE SECTION 2950.09(C) IS UNCONSTITUTIONALLY VAGUE IN SETTING FORTH THE CRITERIA BY WHICH THE COURT IS TO DETERMINE WHICH INDIVIDUALS ARE TO BE CLASSIFIED AS SEXUAL PREDATORS.
When determining whether a person should be adjudged a sexual predator, R.C. 2950.09(C)(2) states the courts should consider the factors specified in R.C. 2950.09(B)(2). Michaels claims these factors do not go to the offender's propensity to sexually offend, thus the second prong in designating someone a "sexual predator" could not be proven by clear and convincing evidence by utilizing these factors.
This court addressed this issue in State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, and held that R.C.2950.09(B) and (C) were not unconstitutionally vague. Id. at 12-15. Michaels has not brought to our attention any new concerns regarding the constitutionality of the statute. We find no reason to depart from our earlier determination that the statute was drafted with sufficient precision to provide adequate standards to determine if an individual is a sexual predator. The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN DETERMINING THAT DEFENDANT QUALIFIED BY CLEAR AND CONVINCING EVIDENCE TO BE CLASSIFIED A SEXUAL PREDATOR AS SET FORTH IN OHIO REVISED CODE SECTION 2950.09
THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THEFOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND SECTION 10, ARTICLE I
OF THE CONSTITUTION OF THE STATE OF OHIO.
Michaels claims the trial court's determination that he is sexual predator was against the manifest weight of the evidence. As stated above, a sexual predator is a person who has "been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Michaels claims the evidence does not support the trial court's finding, by clear and convincing evidence, that he is likely in the future to commit another sexually oriented offense.
In determining whether the judgment was against the manifest weight of the evidence, we review the entire record, consider the credibility of the witnesses, weigh all the evidence, and make all reasonable inferences. State v. Thompkins (1997) 78 Ohio St.3d 380,387. To sustain Michaels' assignment of error this court must find, in resolving conflicts in the evidence, that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Id.
At Michaels' sexual predator adjudication hearing, Michaels' counsel did not present any witnesses. He did submit six supportive letters from Michaels' family, and argued Michaels should not be adjudged a sexual predator according to the factors presented in R.C. 2950.09(B)(2). The presentence investigation was entered into evidence at the request of the State, with Michaels' consent.
In the order classifying Michaels a sexual predator, the trial court stated it found by clear and convincing evidence that Michaels is a sexual predator as defined by R.C. 2950.01(E). The court considered the factors presented in R.C. 2950.09(B)(2) reaching the conclusion that Michaels is a sexual predator.[1]
As support for that finding, the trial court observed that the following factors applied to Michaels:
 The Defendant pled guilty to the amended charge of Sexual Battery, Trafficking in Marijuana, Corruption of Another with Drugs, and the amended charge of Attempted Intimidation of a Crime Victim. Defendant was sentenced to a total of 5 to 15 years with three years actual incarceration.
 At the time of the offense, the victim was 17 years of age and the Defendant was 25 years of age.
 There was evidence that the Defendant gave drugs to the victim prior to performing anal sex on him.
This Court has reviewed the evidence, and finds that it amply supports those factors, and further that those factors support a finding that Michaels is a sexual predator, as defined by statute.
According to the presentence report, the victim cut school to visit Michaels. From Michaels' references to the victim in his statement, which is contained in the presentence report, it is clear that there is a longstanding relationship between the two that includes the frequent use of drugs and alcohol. On the day of the assault, Michaels supplied the victim with alcohol, marijuana, Prozac and Valium. While the victim was intoxicated, Michaels performed oral sex on him and forced the victim to perform anal sex with Michaels.
The victim reported the assault, which led to Michaels' arrest. Michaels was later released on bond. His bond was revoked when it was reported that he had threatened physical harm against the victim.
Michaels has a prior conviction involving alcohol. Although he does not have prior convictions for sexual offenses, the detective investigating the crime reported that when word got out about the offense, several other young men contacted the victim's family to relate similar experiences.
The evidence supports the trial court's finding, by clear and convincing evidence, that Michaels was likely to engage in sexual offenses in the future. The victim was a juvenile, and Michaels was an adult. A relatively large difference in age and power between offender and victim often indicates that the offender has a predatory nature. Such a finding is further supported by Michaels' provision of four different drugs to his victim, which prevented his victim from having any meaningful way of refusing Michaels' advances. Because of the above, the statutory factors in R.C. 2950.09(B)(2)(a), (c) and (e) apply to Michaels. The report of the detective that other young men have had similar experiences with Michaels implicates factor (h), as well. Under factors (b) and (j), Michaels' prior alcohol related conviction and his own statement that he has problems with drugs, make it likely that he will continue to be involved with the alcohol and drugs that played a part in this offense. Also relevant to factor (j), is his subsequent intimidation of the victim while out on bond. An individual who continues to have negative interactions with his victim while out on bond for the offense is demonstrating that he cannot control his own impulses, and that his conduct is unlikely to be deterred by the threat of imprisonment.
The numerous letters sent in support of Michaels attested to some of his positive character traits. The authors asserted that he is a devoted son, a skilled family mediator, and a caring individual. The letters may well have accurately described those aspects of Michaels' character. They did not address the aspects of his character that were the concern of the sexual predator adjudication, however. At issue in that hearing was solely whether he would be likely to commit one or more sexually oriented offenses in the future. Because the letters did not address the issue of whether Michaels would be likely to commit such offenses in the future, the trial court properly discounted their importance.
This court, after considering the credibility of the witnesses, weighing all the evidence and making all reasonable inferences, finds that the trier of fact did not lose its way in making this adjudication and did not create a manifest miscarriage of justice that must be corrected by this court. The trial court properly considered the R.C. 2950.09(B)(2) factors, and came to the conclusion by clear and convincing evidence that Michaels had "been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Because of this, there is no violation of Michaels' due process rights. The fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN APPLYING O.R.C. SECTION 2950.09 TO APPELLANT IN THIS CASE AS APPELLANT HAD COMPLETED SERVING HIS TERM OF IMPRISONMENT ON THE SEXUALLY ORIENTED OFFENSE PRIOR TO THE EFFECTIVE DATE OF THE STATUTE IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS.
In his fifth assignment of error, Michaels claims he was no longer incarcerated for the commission of a sexual offense on January 1, 1997, the effective date of the statute. Michaels was sentenced to two years on his conviction for sexual battery. This sentence was to be served concurrently with his sentences on three other offenses that arose out of the same incident. The only sentence long enough to account for Michaels' incarceration at the time of the adjudication was the sentence for his conviction for corrupting another with drugs. Thus, Michaels argues, on the effective date of the statute he was serving time for the corrupting offense and therefore could not be summoned to a sexual predator adjudication hearing because statute was inapplicable to him.
R.C. 2950.09(C)(1) states:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator.
(Emphasis added.)
Michaels claims the statute is inapplicable because he was not incarcerated for the sexual offense on the effective date of the statute.[2] The statute plainly reads if "the offender is serving a term of imprisonment in a state correctional institution[.]" The statute does not restrict the "term of imprisonment" to one being served for a sexual offense.
This language contrasts sharply with that in R.C.2950.03(A)(1), which describes the registration requirements of a sexual predator. When referring to the offender being notified to register, it states that the official must notify a prisoner of his duty to register upon release,
 Regardless of when the offender committed the sexually oriented offense, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement, and if, on or after the effective date of this section, the offender is serving that term or is under that confinement[.]
(Emphasis added.)
R.C. 2950.03(A)(1) demonstrates that in drafting Chapter 2950 of the Revised Code, the state legislature was aware of how to write a statute to restrict a period of incarceration to one imposed for the commission of a sexual offense. If the state legislature had intended the same result in R.C. 2950.09(C)(1), it would have written the statute to reflect that intent.
The plain language of the statute permits its application to individuals imprisoned, without qualification of the basis for the incarceration, on its effective date. Because of this, Michaels' fifth assignment of error is overruled.
Judgment affirmed.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT CARR, J.
WHITMORE, J.
CONCUR
[1] As relevant to this case, R.C. 2950.09(B)(2) lists the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which the sentence is to be imposed;
* * *
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
* * *
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a the sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact or interaction in a sexual context was part of a demonstrated pattern of abuse;
* * *
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
[2] Michaels had not yet been released following his conviction for sexually oriented and other offenses arising out of the same incident, even though his conviction for sexual battery, standing alone, would not account for his continued incarceration. For the purposes of this review we assume, without deciding, that Michaels was no longer incarcerated for a sexual offense.